REQUESTED BY: Senator Don Wesely District 26 Nebraska Legislature
Whether a maintenance of effort provision which essentially provides for a minimum amount of funds in a "matching formula" violates Article VIII, Section 1A of the Nebraska Constitution?
Our analysis of Article VIII, Section 1A and the pertinent case law indicates that such a provision is constitutional.
You have requested an opinion regarding the constitutionality of LB 320. Although your opinion request does not raise any specific concerns, after speaking with a member of your staff, we understand that your primary concern is in regard to Article VIII, Section 1A of the Nebraska State Constitution. That section makes it unconstitutional for the state to levy a property tax for state purposes. After reviewing the pertinent law, we have concluded that LB 320 does not violate this provision in the Constitution.
As we understand it, LB 320 is a proposed amendment to Neb.Rev.Stat. § 71-5009 (Reissue 1986). This statute currently provides that the regional governing boards shall provide funds for community mental health, drug abuse, and alcoholism programs funded from federal, private, and other sources. Exclusive of the foregoing sources, however, the state must provide 75 percent of the funds required to provide services in each region, while local, county, and other taxing resources must account for the other 25 percent of the funds.
The proposed amendment to this statute, however, deletes the provision requiring the counties to provide the other 25 percent. Instead, it sets forth a minimum amount which the counties must raise, and provides that 40 percent or more must be provided by local and county taxes. The new language reads:
Of the amount provided by each governing board, not less than forty percent shall be provided by local and county taxes and the remainder shall come from other nonfederal sources. Funds provided by the regional governing boards for mental health services shall continue to be provided in an amount which is not less than the total amount contributed as certified matching funds for the fiscal year 1986.
After reviewing the language of LB 320, we find no constitutional prohibition in providing a minimum amount in the matching formula. The area of concern, however, appears to be with the language requiring the regional governing boards to raise not less than 40 percent of this minimum from local and county taxes. This language is seen as a possible violation of Article VIII, Section 1A which prohibits the state from levying property taxes for state purposes.
This concern has been addressed in a series of Nebraska Supreme Court cases. In the first of these, Craig v. Board of Equalization of Douglas County, 183 Neb. 779,164 N.W.2d 445 (1969), the court addressed the constitutionality of a statute which required a county to levy a property tax in order to support institutional patients in state facilities. In determining that this statute was constitutional, the court stated: ". . . A statute requiring a county to levy a property tax for purposes substantially local does not contravene the prohibition against state levy of a property tax for state purposes, although the statute commingles state and local purposes." Id. at 784, 164 N.W.2d at 448. In concluding that state and local purposes were commingled, the court stated:
While it is true that the hospital for the insane is . . . a state institution, yet, . . . maintenance of the insane is not necessarily a state burden, and therefore it is within the power of the legislature to require that the tax be levied and collected by each county for the purpose of reimbursing the state, . . . . For such maintenance it is the duty of the county board to levy the necessary taxes within the constitutional limit. . . . Id. at 783,164 N.W.2d at 447-448.
While a number of subsequent cases have reiterated the holding in this case in various factual situations, its facts are the most analogous to the proposed bill. Clearly, LB 320 deals with funding for community mental health services, including alcoholism and drug abuse programs. These services are closely related to the services discussed in Craig. Therefore, we conclude that LB 320 does not violate Article VIII, Section 1A of the Nebraska Constitution.
Sincerely,
ROBERT M. SPIRE Attorney General
Lisa D. Martin-Price Assistant Attorney General